ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DARRELL BAKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2265-JAR |
| ) | |
| **CITY WIDE MAINTENANCE CO.,** ) | |
| **INC. and JEFFREY B. ODDO,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Darrell Baker brings this action against City Wide Maintenance Co., Inc. ("City Wide") and Jeffrey B. Oddo, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). This matter is before the Court on defendant Jeffrey B. Oddo's Motion to Dismiss (Doc. 6). Plaintiff has not filed a response and the time to do so has expired.[1] As explained more fully below, defendant's motion to dismiss is granted due to plaintiff's failure to respond.[2] The Court also grants defendant's motion because plaintiff fails to state a claim upon which relief can be granted.

**I.  Legal Standards**

*Rule 12(b)(1)*

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 21 days).

[2] *See* D. Kan. R. 7.4 (failure to respond to a motion, within the allotted time, results in an uncontested motion, "and ordinarily will be granted without further notice.").

jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[3] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[4] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[5] Mere allegations of jurisdiction are not enough.[6]

*Rule 12(b)(6)*

Alternatively, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[7] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[9] but requires more than "a sheer possibility."[10]

---

[3] 28 U.S.C. § 1331.

[4] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[5] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[6] *Id.* at 798.

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[9] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[10] *Id.*

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[11] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[12]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[13] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[14] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment. However, the

---

[11]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[12]*Id.* (citing *Twombly*, 550 U.S. at 556).

[13]*Iqbal*, – U.S. –, 129 S. Ct. at 1949-50.

[14]*Id.* at 1950.

[15]*Id.*

[16]*Id.* at 1949.

court may consider documents which are referred to in the complaint.[17]

## II. Discussion

### A. *Failure to Oppose Defendants' Motion To Dismiss*

On July 6, 2010, defendant filed the motion to dismiss.[18] Plaintiff's response was due twenty-one days later on July 27, 2010.[19] To date, plaintiff has not responded to defendant's motion to dismiss. In the event a party fails to respond to a dispositive motion, the local rule provides the party has waived the right to file a response except upon a showing of excusable neglect.[20] Absent a showing of excusable neglect, the Court "will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[21] Because plaintiff failed to respond to defendant's motion to dismiss within twenty-one days and has not made a showing of excusable neglect, the Court grants defendant's motion and dismisses plaintiff's claims against Oddo.

### B. *Subject Matter Jurisdiction*

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.[22] Defendant attached the Charge of Discrimination to the Motion to Dismiss, arguing that "[i]t is without question that Oddo was not formally named in the EEOC Charge. At no point

---

[17]*See GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384-85 (10th Cir. 1997).

[18](Doc. 26.)

[19]*See* D. Kan. R. 6.1(d)(2).

[20]D. Kan. R. 7.4(b).

[21]*Id.*

[22]*Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007); *Sizova v. Nat'l Inst. of Stands. & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002).

did Oddo's name appear in the EEOC Charge."[23] The Court questions whether it is reading the same document defendant refers to. Jeffrey Oddo is clearly listed as the second named "employer" on the Charge of Discrimination. Accordingly, the Court does not find that plaintiff failed to exhaust administrative remedies, based on the document attached to the motion to dismiss.

### C. Failure to State a Claim

Even if the Court considers the merits of the motion to dismiss rather than granting it as unopposed, it would dismiss plaintiff's Complaint against defendant Oddo for failure to state a claim. The Tenth Circuit has held that "personal capacity suits against individual supervisors are inappropriate under Title VII."[24] "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."[25] To the extent plaintiff attempts to sue Oddo in his individual capacity, his claim fails because such a suit is inappropriate under Title VII.

To the extent plaintiff attempts to sue Oddo in his official capacity as his employer, he has also failed to state a claim. Title VII and the ADA define "employer" as a person engaged in an industry affecting commerce with fifteen or more employees.[26] "An official capacity suit is functionally equivalent to a direct suit against the employer, for it is the employer that is the real

---

[23](Doc. 7, Tab 1.)

[24]*Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[25]*Id.* at 899 (emphasis in original); *see also Lewis v. Four B Corp.*, 211 F. App'x 663, 664 (10th Cir. 2005); *Kautio v. Zurich Ins. Co.*, No. 97-2411-JWL, 1998 WL 164623, at *2 (D. Kan. Mar. 18, 1998) (explaining that this principle applies equally to ADA claims).

[26]42 U.S.C. § 2000e(b). The Supreme Court has determined that this threshold requirement for application of Title VII is an element of plaintiff's claim for relief. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 512 (2006).

party in interest and to which the plaintiff must look in recovering damages."[27] Plaintiff alleges in the Complaint that this defendant is an "employer" because he is an "individual, agent, owner, and principal of defendant City Wide" and "was an employer within the meaning of Title VII and the ADA."[28] The second allegation is a legal conclusion, not entitled to a presumption of truth. And plaintiff alleges no facts that suggest that Oddo constitutes an employer outside of his official capacity as an agent or owner of City Wide. To the extent plaintiff might contend that the Court should pierce the corporate veil under the alter ego theory, plaintiff has failed to allege facts that Oddo exercised dominion and control so that the corporation had no separate will of its own.[29] Because plaintiff fails to state a claim for relief against defendant Oddo in either his individual or official capacity, the Court grants defendant's motion to dismiss for failure to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED**.


Dated: August 20, 2010

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[27] *White v. Midwest Office Tech., Inc.*, 979 F. Supp. 1354, 1356 (D. Kan. 1997).

[28] (Doc. 1 ¶ 7.)

[29] *See, e.g. White*, 979 F. Supp. at 1356.